IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| TABITHA GRICE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 21-cv-2233 |
| | ) | |
| CELINA TSANG, M.D., WEXFORD MEDICAL, ONE RADIOLOGY, and A. VYAS, M.D., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, TABITHA GRICE, by her attorneys, HELLER, HOLMES & ASSOCIATES, P.C., and for her Complaint against the Defendant, state:

JURISDICTIONAL STATEMENT

1. Plaintiff brings this action to redress violations by the Defendants of the Plaintiff's rights pursuant to the 8th and 14th Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. That jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343 which confers original jurisdiction upon a Federal District Court of any civil action authorized by law to redress the deprivation of rights, privileges and immunities which arise under the Constitution and laws of the United States.

PARTIES

1. That Dr. Celina Tsang, M.D. was a medical care provider at Logan Correctional Center at all times relevant herein.

2. That Wexford Medical was the contract medical care provider at Logan Correctional

Center at all times relevant herein.

3. That One Radiology was the employer of Dr. A. Vyas, M.D., who at all times relevant herein was operating within the scope and course of his employment.

4. That in February of 2019 the Plaintiff was committed to the Illinois Department of Corrections.

5. That at said time the Plaintiff underwent a screening evaluation and told Defendant Tsang and Wexford by and through its agents or employees, that she had been having knee pain for a period in excess of a year and further indicated that, immediately prior to being incarcerated she had an x-ray done which showed a potentially necrotic or cancerous condition in her left leg and suggested MRI follow-up. That screening was done at Carle Clinic.

6. That at the time of the screening, the Defendant Wexford by and through its agents or employees, requested that Plaintiff sign and she did sign, an authorization to release the Carle records. However, neither Wexford nor Dr. Tsang ever requested the records and did not follow-up on the information with regard to pain in the left knee.

7. That on or after April 15, 2019, the Plaintiff complained on an almost continuous basis of pain in the left knee. The left knee continued to swell.

8. That thereafter, all of the Defendants engaged in a course of deliberate indifference to the Plaintiff's medical condition in that they:

    a. Mis-read x-rays;

    b. Failed to order appropriate diagnostic tests;

    c. Failed to appropriately monitor Plaintiff's condition including the fact that the knee was swelling to the size of a basketball and the Plaintiff was continually

   falling. Defendant Tsang refused to refer her to a specialist saying that if she made the referral to a specialist she would lose a bonus. This course of negligent treatment was continuous up to and including September 19, 2019 when the left leg literally ruptured. There was a cancerous growth on the Plaintiff's leg which had grown so large as to crush the bone and sever the artery in the leg. Plaintiff was rushed to a local hospital where tourniquets were applied and then transferred to Springfield for emergency care.

9. That as a direct and proximate result of the deliberate indifference to Plaintiff's medical condition, her left leg was amputated above the knee and it was determined that she had a cancerous tumor.

10. That Plaintiff did not know of the Defendants' negligence or of her condition of ill-being until after the surgery to remover her leg shortly after September 19, 2019.

11. That at no time did Dr. Tsang or any of the other Defendants indicate to her that they had a suspicion that she had cancer prior to the rupture of the tumor on September 19, 2019 and they negligently and fraudulently concealed her condition of ill-being from her.

12. That by the time of the rupture on September 19, 2019, the cancer had metastasized to the Plaintiff's lungs and she has stage 4 cancer with no expectation of survival.

13. That as a direct and proximate result of the Defendants' deliberate indifference, the Plaintiff has been obliged to seek the care and treatment of physicians and surgeons and will in the future be obliged to seek the care and treatment of physicians and surgeons, was disfigured, will likely die from the untreated cancer, has suffered a loss of a normal life and will in the future suffer a loss of a normal life, has suffered great

pain and mental anguish and will suffer future pain and mental anguish, and Plaintiff has suffered a loss of life expectancy.

14. That all of the actions of these Defendants constitute a deprivation of Plaintiff's 8th Amendment right to be free from cruel and unusual punishment.

WHEREFORE, Plaintiff prays judgment against the Defendants in a sum in excess of TEN MILLION DOLLARS ($10,000,000.00) together with TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

                      TABITHA GRICE, Petitioner

                      By  / s/ H. Kent Heller_____
                            H. KENT HELLER
                            HELLER, HOLMES & ASSOCIATES, P.C.
                            1101 Broadway Avenue, P.O. Box 889
                            Mattoon, IL 61938
                            TEL: 217-235-2700
                            FAX: 217-235-0743
                            E-Mail: kent@hhlawoff.com
                            ARDC No. 1181009

Grice 22979 8.23.21 complaint